**SEALED**

IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION
SEPTEMBER 2010 SESSION

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

SEP 0 2 2010

JULIA C. DUDLEY, CLERK
BY: K. Bauserman
DEPUTY CLERK

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Criminal No. 5:10CR00025 |
| v. | ) | |
| | ) | In violation of: |
| | ) | |
| | ) | Title 18 U.S.C. §§ 2, 371, 922(a)(1)(A), |
| | ) | (d)(1) and (o), 924(a)(2) |
| DON FRANCIS SIMONPIETRI | ) | |
| | ) | Title 26 U.S.C. §§ 5841, 5845, 5861(d), and |
| | ) | 5871 |

## INDICTMENT

### COUNT ONE

The Grand Jury charges that:

1. At all times material herein, DON FRANCIS SIMONPIETRI ("SIMONPIETRI") did not possess a Federal Firearms License to engage in the business of dealing in firearms within the meaning of Chapter 44, Title 18, United States Code.

2. On or between July 2005 and October 14, 2009, in the Western District of Virginia, SIMONPIETRI, Witness Four, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to violate Section 922(a)(1)(A) of Title 18, United States code, to-wit, SIMONPIETRI, Witness Four, and

others, not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms.

3.  In furtherance of the conspiracy and to effect the objects of the conspiracy, SIMONPIETRI, Witness Four, and others sold and purchased for resale numerous firearms within the Western District of Virginia and elsewhere. The following overt acts represent a partial listing of the these firearm sales/purchase::

> (a) On or about September 12, 2009, Witness Four, working at the direction of SIMONPIETRI, knowingly sold a firearm, that is, a Marlin .22 rifle, to Witness One.
>
> (b) On or about September 13, 2009, Witness Four, working at the direction of SIMONPIETRI, knowingly sold a firearm, that is, a Bersa .380 pistol, to Witness One.
>
> (c) On or about September 13, 2009, Witness Four, working at the direction of SIMONPIETRI, knowingly sold a firearm, that is, a Norinco 7.62 assault rifle (machinegun), to Witness Three.
>
> (d) On or about September 27, 2009, SIMONPIETRI and Witness Four, knowingly sold a firearm, that is, a Bushmaster AR-15 .233 caliber assault rifle, to Witness One.
>
> (e) On or about October 4, 2009, SIMONPIETRI knowingly sold a firearm, that is, a Smith & Wesson 9mm semi-automatic pistol, to Witness One and Witness Two.

4.  All in violation of Title 18, United States Code, Sections 371 and 922(a)(1)(A).

## COUNT TWO

The Grand Jury charges that:

1. On or between July 31, 2005 and October 14, 2009, in the Western District of Virginia, DON FRANCIS SIMONPIETRI, not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms.

2. All in violation of Title 18, United States Code, Section 922(a)(1)(A).

## COUNT THREE

The Grand Jury charges that:

1. On or about September 27, 2009, in the Western District of Virginia, DON FRANCIS SIMONPIETRI did knowingly aid and abet in the sale of a firearm, to-wit: a Bushmaster AR-15 .233 caliber assault rifle, to Witness One, knowing and having reasonable cause to believe that Witness One had been convicted of a crime punishable by imprisonment for a term exceeding one year.

2. All in violation of Title 18, United States Code, Sections 2, 922(d)(1) and 924(a)(2)..

## COUNT FOUR

The Grand Jury charges that:

1. On or about October 4, 2009, in the Western District of Virginia, DON FRANCIS SIMONPIETRI did knowingly aid and abet in the sale of a firearm, to-wit: a Smith & Wesson 9mm semi-automatic pistol, to Witness One and Two, knowing and having reasonable cause to

believe that Witness One had been convicted of a crime punishable by imprisonment for a term exceeding one year.

    2.    All in violation of Title 18, United States Code, Sections 2, 922(d)(1) and 924(a)(2).

## COUNT FIVE

The Grand Jury charges that:

    1.    On or about September 27, 2009, in the Western District of Virginia, DON FRANCIS SIMONPIETRI knowingly disposed of a firearm, to-wit: a Bushmaster AR-15 .233 caliber assault rifle to Witness Four, knowing and having reasonable cause to believe that Witness Four had been convicted of a crime punishable by imprisonment for a term exceeding one year.

    2.    All in violation of Title 18, United States Code, Section 922(d)(1) and 924(a)(2).

## COUNT SIX

The Grand Jury charges that:

    1.    On or about September 13, 2009, in the Western District of Virginia, DON FRANCIS SIMONPIETRI did knowingly possess a machinegun, as defined in 26 U.S.C. 5845(b), to-wit, an SKS-type, Norinco 7.62x39mm Norinco rifle bearing Serial Number 9209742.

    2.    All in violation of Title 18, United States Code, Section 922(o) and 924(a)(2).

## COUNT SEVEN

The Grand Jury charges that:

1. On or about October 14, 2009, in the Western District of Virginia, DON FRANCIS SIMONPIETRI did knowingly possess a machinegun, as defined in 26 U.S.C. 5845(b), to-wit, a Russian PPSH-41 bearing Serial Number BL 5347.

2. All in violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

## COUNT EIGHT

The Grand Jury charges that:

1. On or about September 13, 2009, in the Western District of Virginia, DON FRANCIS SIMONPIETRI did knowingly receive and possess a firearm, to-wit, an SKS-type, Norinco 7.62x39 mm rifle bearing Serial Number 9209742, not registered to him in the National Firearms Registration and Transfer Record.

2. All in violation of Title 26, United States Code, Sections 5841, 5845, 5861(d), and 5871.

## COUNT NINE

The Grand Jury charges that:

1. On or about October 14, 2009, in the Western District of Virginia, DON FRANCIS SIMONPIETRI did knowingly receive and possess a firearm, to-wit, a Russian PPSH-41 bearing Serial Number BL 5347, not registered to him in the National Firearms Registration and Transfer Record.

2.   All in violation of Title 26, United States Code, Sections 5841, 5845, 5861(d), and 5871.

### COUNT TEN

The Grand Jury charges that:

1.   On or between October 2, 2009 and October 14, 2009, in the Western District of Virginia, DON FRANCIS SIMONPIETRI did knowingly receive and possess a firearm, to-wit, a 61mm Mortar, not registered to him in the National Firearms Registration and Transfer Record.

2.   All in violation of Title 26, United States Code, Sections 5841, 5845, 5861(d) and 5871.

### NOTICE OF FORFEITURE

1. Upon conviction of one or more of the felony offenses alleged in this Indictment, the defendant shall forfeit to the United States:

> (a) any firearms and ammunition involved or used in the commission of said offenses, or possessed in violation thereof, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

> (b) any firearms involved in the commission of said offenses, pursuant to 26 U.S.C. § 5872 and 28 U.S.C. § 2461(c).

> (c) any aircraft, vehicle or vessel involved in a prohibition as set forth in 49 U.S.C. § 80302, pursuant to 49 U.S.C. § 80303.

2. The property to be forfeited to the United States includes but is not limited to the following property:

> (a) <u>Firearms</u>
> Approximately 1100 firearms

> (b) Vehicle(s)

One 2004 Ford Mustang Convertible, VIN 1FAFP45X94F129317

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with a third person;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p), including but not limited to the following:

A TRUE BILL this ___2___ day of September, 2010.

                                                                                           FOREPERSON

_/s/ Timothy J. Heaphy_
TIMOTHY J. HEAPHY
UNITED STATES ATTORNEY